**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| In re:<br><br>WESTWIND MANOR RESORT ASSOCIATION, INC.<br><br>               Debtor. | )<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 19-50026 (___) |
| In re:<br><br>WARRIOR ATV GOLF COURSE, LLC<br><br>               Debtor. | )<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 19-50033 (___) |
| In re:<br><br>WARRIOR ACQUISITIONS, LLC<br><br>               Debtor. | )<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 19-50028 (___) |
| In re:<br><br>WARRIOR GOLF DEVELOPMENT, LLC<br><br>               Debtor. | )<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 19-50029 (___) |
| In re:<br><br>WARRIOR GOLF MANAGEMENT, LLC<br><br>               Debtor. | )<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 19-50032 (___) |
| In re:<br><br>WARRIOR GOLF ASSETS LLC<br><br>               Debtor. | )<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 19-50030 (___) |

| | | |
|---|---|---|
| In re:<br><br>WARRIOR GOLF VENTURE, LLC<br><br>         Debtor. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 19-50031 (___) |
| In re:<br><br>WARRIOR PREMIUM PROPERTIES, LLC<br><br>         Debtor. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 19-50034 (___) |
| In re:<br><br>WARRIOR GOLF, LLC<br><br>         Debtor. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 19-50035 (___) |
| In re:<br><br>WARRIOR CUSTOM GOLF INC.<br><br>         Debtor. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 19-50027 (___) |

### DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER DIRECTING <u>JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MOTION ON MARCH 6, 2019 AT 3:00 P.M. IN COURTROOM 400, 515 RUSK, HOUSTON, TX 77002**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion").

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), directing procedural consolidation and joint administration of these chapter 11 cases.  The Debtors request that one file and one docket be maintained for all of the jointly-administered cases under the case of Westwind Manor Resort Association, Inc. and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WESTWIND MANOR RESORT ASSOCIATION, INC., *et al.*,[1] | Case No. 19-50026 (___) |
| Debtors. | Joint Administration Requested |

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Westwind Manor Resort Association, Inc. (7533); Warrior ATV Golf, LLC (3420); Warrior Acquisitions, LLC (9919); Warrior Golf Development, LLC (5741); Warrior Golf Management, LLC (7882); Warrior Golf Assets LLC (1639); Warrior Golf Venture, LLC (7752); Warrior Premium Properties, LLC (0220); Warrior Golf, LLC (4207); and Warrior Custom Golf, Inc. (2941).  The address of the Debtors' corporate headquarters is 15 Mason, Suite A, Irvine, California 92618.

2.      The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than Westmoreland Coal Company, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases   of: Westwind Manor Resort Association, Inc., Case No. 19-50026 (___); Warrior ATV Golf, LLC, Case No. 19-50033 (___); Warrior Acquisition, LLC, Case No. 19-50028 (___); Warrior Golf Development, LLC, Case No. 19-50029 (___); Warrior Golf Management, LLC, Case No. 19-50032 (___); Warrior Golf Assets LLC, Case No. 19-50030 (___); Warrior Golf Venture, LLC, Case No. 19-50031 (___); Warrior Premium Properties, LLC, Case No. 19-50034 (___); Warrior Golf, LLC, Case No. 19-50035 (___); and Warrior Custom Golf, Inc., Case No. 19-50027 (___).  The docket in Case No. 19-50026 (___) should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-50026 (__).**

## Jurisdiction and Venue

4.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105(a) and 342(c) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

6.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

7.      A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' Chapter 11 proceedings are set forth in the *Declaration of Jeremy Rosenthal in Support of Debtors' Chapter 11 Petitions and First Day Relief*.  Those facts are incorporated herein by reference.

## Basis for Relief

8.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates." FED. R. BANKR. P. 1015. The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.  Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

9.      Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect every Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

10.      10.    Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.   Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Emergency Consideration

11.      Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."   As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases could severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring.  Accordingly, the Debtors

submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

### The Requirements of Bankruptcy Rule 6003 Are Satisfied

12.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  For the reasons discussed above, granting the relief requested herein is integral to the Debtors' ability to transition their operations into these chapter 11 cases.  Failure to receive such authorization and other relief during the first 21 days of these chapter 11 cases could severely disrupt the Debtors' operations at this critical juncture.  For the reasons discussed herein, the relief requested is necessary in order for the Debtors to operate their businesses in the ordinary course and preserve the ongoing value of the Debtors' operations and maximize the value of their estates for the benefit of all stakeholders.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

13.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Reservation of Rights

14.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Interim Order and Final Order is intended or should be construed as: (a) an admission as to the validity of any particular claim against a Debtor entity; (b) a waiver of the

Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

## <u>Notice</u>

15.     The Debtors will provide notice of this Motion to the following parties or their respective counsel (collectively, the "Notice   Parties"): (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 40 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel for the lender under the proposed debtor-in-possession financing facility, Attn: Beth Brownstein, Arent Fox LLP, 1301 Avenue of the Americas, 42nd Fl., New York, NY 10019-6040 <u>Beth.brownstein@arentfox.com</u>; (d)  the lender under the proposed debtor-in-possession financing facility, Attn: Adam Phillips, Warrior Golf Loan Investors, LLC, 1121 40th Street Apt. 1401; Emeryville, CA 94608; (f) any statutory committee appointed in these cases; (f) all known secured creditors; (g) the United States Attorney's Office for the Southern District of Texas; (h) the Internal Revenue Service; (i) the offices of the attorneys general for the states in which the Debtors operate;  (j) the Securities and Exchange Commission; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

16.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems just and proper under the circumstances.

Dated:  March 4, 2019                           Respectfully submitted,

                                    By:  */s/ Michael D. Warner*
                                         Michael D. Warner, Esq.
                                         (TX Bar No. 00792304)
                                         Benjamin L. Wallen, Esq.
                                         (TX Bar No. 24102623)
                                         **COLE SCHOTZ P.C.**
                                         301 Commerce Street, Suite 1700
                                         Ft. Worth, TX 76102
                                         (817) 810-5250
                                         (817) 810-5255 (fax)
                                         mwarner@coleschotz.com
                                         bwallen@coleschotz.com

                                         *Proposed Counsel for the Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| In re:<br><br>WESTWIND MANOR RESORT ASSOCIATION, INC.<br>     Debtor. | )<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 19-50026 (___) |
| In re:<br><br>WARRIOR ATV GOLF COURSE, LLC<br>     Debtor. | )<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 19-50033 (___) |
| In re:<br><br>WARRIOR ACQUISITIONS, LLC<br>     Debtor. | )<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 19-50028 (___) |
| In re:<br><br>WARRIOR GOLF DEVELOPMENT, LLC<br>     Debtor. | )<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 19-50029 (___) |
| In re:<br><br>WARRIOR GOLF MANAGEMENT, LLC<br>     Debtor. | )<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 19-50032 (___) |
| In re:<br><br>WARRIOR GOLF ASSETS LLC<br>     Debtor. | )<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 19-50030 (___) |

59217/0001-16963918v1

| In re:<br><br>WARRIOR GOLF VENTURE, LLC<br>                    Debtor. | ) ) ) ) ) ) | Chapter 11<br><br>Case No. 19-50031 (___) |
| In re:<br><br>WARRIOR PREMIUM PROPERTIES, LLC<br>                    Debtor. | ) ) ) ) ) ) | Chapter 11<br><br>Case No. 19-50034 (___) |
| In re:<br><br>WARRIOR GOLF, LLC<br>                    Debtor. | ) ) ) ) ) ) | Chapter 11<br><br>Case No. 19-50035 (___) |
| In re:<br><br>WARRIOR CUSTOM GOLF INC.<br>                    Debtor. | ) ) ) ) ) ) | Chapter 11<br><br>Case No. 19-50027 (___) |

**ORDER DIRECTING JOINT**
**ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** to the extent set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 19-50026 (__).  Additionally, the following checked items are ordered:

      a.      One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

      b.      Parties may request joint hearings on matters pending in any of the jointly administered cases.

      c.      Other:  See below.

3.      The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WESTWIND MANOR RESORT | ) | Case No. 19-50026 (___) |
| ASSOCIATION, INC., *et al.*,[1] | ) |  |
| Debtors. | ) | Joint Administration Requested |
|  | ) |  |

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Westwind Manor Resort Association, Inc. (7533); Warrior ATV Golf, LLC (3420); Warrior Acquisitions, LLC (9919); Warrior Golf Development, LLC (5741); Warrior Golf Management, LLC (7882); Warrior Golf Assets LLC (1639); Warrior Golf Venture, LLC (7752); Warrior Premium Properties, LLC (0220); Warrior Golf, LLC (4207); and Warrior Custom Golf, Inc. (2941). The address of the Debtors' corporate headquarters is 15 Mason, Suite A, Irvine, California 92618.

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of

the Bankruptcy Code.

5.      A docket entry, substantially similar to the following, shall be entered on the docket

of each of the Debtors, other than Westwind Manor Resort Association, Inc., to reflect the joint

administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of
> Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and
> Procedure of the United States Bankruptcy Court for the Southern District of Texas
> directing joint administration for procedural purposes only of the chapter 11 cases  of:
> Westwind Manor Resort Association, Inc., Case No. 19-50026 (___); Warrior ATV Golf,
> LLC, Case No. 19-50033 (___); Warrior Acquisition, LLC, Case No. 19-50028 (___);
> Warrior Golf Development, LLC, Case No. 19-50029 (___); Warrior Golf Management,
> LLC, Case No. 19-50032 (___); Warrior Golf Assets LLC, Case No. 19-50030 (___);
> Warrior Golf Venture, LLC, Case No. 19-50031 (___); Warrior Premium Properties, LLC,
> Case No. 19-50034 (___); Warrior Golf, LLC, Case No. 19-50035 (___); and Warrior
> Custom Golf, Inc., Case No. 19-50027 (___). The docket in Case No. 19-50026 (___)
> should be consulted for all matters affecting this case. **All further pleadings and other
> papers shall be filed in and all further docket entries shall be made in Case No. 19-
> 50026 (__).**

59217/0001-16963918v1

6.     The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.     The Debtors are authorized to file monthly operating reports on a consolidated basis, but shall track and break out income and disbursements on a debtor-by-debtor basis.

8.     Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Order shall be effective upon entry and shall not be stayed in any respect, whether pursuant to the Federal Rules of Bankruptcy Procedure or otherwise.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated:_____, 2019          _____
                                                        UNITED STATES BANKRUPTCY JUDGE

59217/0001-16963918v1